# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHLEEN BROOKS, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action |
| | No. 17-cv-00975(JBS-AMD) |
| CAMDEN COUNTY JAIL, | **OPINION** |
| Defendant. | |

APPEARANCES:

Cathleen Brooks, Plaintiff Pro Se
116 A. White Horse Pike
Oaklyn, NJ 08107

**SIMANDLE, District Judge:**

## I.    INTRODUCTION

1.    Plaintiff Cathleen Brooks seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint: (1) will be dismissed with prejudice as to claims against CCJ; and (2) will be dismissed without prejudice: (a) as to alleged unconstitutional

conditions of confinement ((i) overcrowded conditions, (ii) water conditions, and (iii) food conditions), (b) as to alleged improper strip search, and (c) as to alleged harassment.

## II. **BACKGROUND**

3.     The following factual allegations are taken from the Complaint and are accepted as true for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

4.     Plaintiff alleges she endured unconstitutional conditions of confinement in CCJ as she was confined in an overcrowded, unsanitary facility. Complaint § III. Her complaint states: "There was no room in holding[.] 7 day lock slept on floor. Water was cold. Food had hair in it. Was stripped search for a non-drug offense. Guards yelled at me & cursed at me for no reason." *Id.* § III(C).

5.     Plaintiff alleges that these events occurred in "Feb 2016 – Sept 2016." *Id.* § III(B).

6.     Plaintiff does not identify or otherwise describe any injury sustained in connection with the alleged events. *Id.* § IV (blank).

7.     Plaintiff does not specify or otherwise describe any requested relief. *Id.* § V (blank).

## III. **STANDARD OF REVIEW**

8.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

9.    For the reasons set forth below, the Court will: (a) dismiss the Complaint with prejudice as to claims made against CCJ; and (b) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## IV. **DISCUSSION**

### A.    **Claims Against CCJ: Dismissed With Prejudice**

10.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

11.  Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

12.  Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the Complaint does not meet the standards necessary to set forth a

---

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658, 690-91 (1973).

*prima facie* case under § 1983. In the Complaint, Plaintiff makes claims against CCJ for allegedly unconstitutional conditions of confinement. The CCJ, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCJ must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCJ as a defendant.

13.   Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days after the date this Opinion and Order are entered on the docket.

> **B.   Conditions Of Confinement Claim – Overcrowded Conditions: Dismissed Without Prejudice**

14.   Plaintiff alleges that "there was no room in holding[.] 7 day lock slept on floor" (hereinafter referred to as Plaintiff's "Overcrowding Claim"). Complaint § III(C).

15. As detailed below, the Court will dismiss the Overcrowding Claim without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii). The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. The Court will accept as true for screening purposes only the statements in Plaintiff's Complaint, but there is not enough factual support for the Court to infer that an unconstitutional overcrowding violation has occurred.

16. To survive *sua sponte* screening for failure to state a claim[3], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

17.  A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

18.  However, even construing the Complaint in this case as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation of overcrowding has occurred.

19.  The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*,

488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) ("*Hubbard II*") (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them") (citing *Union Cnty. Jail Inmates v. DiBuono*, 713 F.2d 984, 992 (3d Cir. 1983) (quoting *Bell*, 441 U.S. at 542)). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

20. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end,

8

the Court shall grant Plaintiff leave to amend the Complaint within 30 days after the date this Opinion and Order are entered on the docket.[4]

21.  Plaintiff is further advised that any amended complaint must plead specific facts regarding the overcrowded conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

22.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended

---

[4] The amended complaint shall be subject to screening prior to service.

complaint may not adopt or repeat claims that have been
dismissed with prejudice by the Court.

### C. Conditions Of Confinement Claims – Jail Conditions: Dismissed Without Prejudice

23. Plaintiff complains of two alleged jail conditions
during her confinement at CCJ: (a) "food had hair in it"; and
(b) "water was cold" (the foregoing two conditions of
confinement are collectively referred to hereinafter as "Jail
Conditions"). Complaint § III(C). For the reasons set forth
below, both Jail Conditions claims shall be dismissed without
prejudice for failure to state a claim. 28 U.S.C. §
1915(e)(2)(B)(ii).

24. A failure of prison officials to provide minimally
civil conditions of confinement to pre-trial detainees violates
their right not to be punished without due process of law.
*Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997);
*Monmouth Cnty.*, 834 F.2d at 345-46, n. 31; *Estelle*, 429 U.S. at
104; *Farmer*, 511 U.S. at 835.[5] Pursuant to the Fourteenth
Amendment's Due Process Clause, prison officials must satisfy
"basic human needs -- *e.g.*, food, clothing, shelter, medical
care, and reasonable safety." *Helling v. McKinney*, 509 U.S. 25,

---

[5] "[T]he Due Process rights of a pre-trial detainee are at least
as great as the Eighth Amendment protections available to a
convicted prisoner," *Reynolds*, 128 F.3d at 173, and so the
Eighth Amendment sets the floor for the standard applicable to
pre-trial detainees' claims. *Bell*, 441 U.S. at 544.

32 (1993). *See also Mora v. Camden Cnty.*, No. 09-4183, 2010 WL 2560680, at *8 (D.N.J. June 21, 2010) (applying *Helling* to pretrial detainee). However, "a detainee seeking to show unconstitutional conditions of confinement must clear a 'high bar' by demonstrating 'extreme deprivations.'" *Cartegena v. Camden Cnty. Corr. Facility*, No. 12-4409, 2012 WL 5199217, at *3 (D.N.J. Oct. 19, 2012) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004)).

25.  When a pretrial detainee complains about the conditions of her confinement, courts are to consider, in accordance with the Fourteenth Amendment, whether the conditions "amount to punishment prior to an adjudication of guilt in accordance with law." *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005) ("*Hubbard I*"). In making such a determination, courts consider: (a) whether any legitimate purposes are served by the conditions at issue, and (b) whether those conditions are rationally related to those purposes. *Hubbard II*, 538 F.3d at 232 (quoting *DiBuono*, 713 F.2d at 992). Courts must inquire as to whether the conditions "'cause [detainees] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.'" *Hubbard I*, 399 F.3d at 159-60 (citations omitted).

26.  The objective component of unconstitutional punishment analysis examines whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (citing *Bell*, 441 U.S. at 538-39, n.20), *cert. denied*, *Phelps v. Stevenson*, 552 U.S. 1180 (2008).

27.  Here, Plaintiff's allegations about the Jail Conditions do not surmount these constitutional requisites.

## 1. **Food Claim: Dismissed Without Prejudice**

28.  Plaintiff alleges that food served during her confinement at CCJ "had hair in it" (this allegation is referred to hereinafter as "Food Claim"). Complaint § III(C).

29.  The general allegation of Plaintiff's Food Claim is insufficient to satisfy either the objective or subjective components to a Fourteenth Amendment Due Process cause of action.

30.  The constitutionally adequate diet "must provide adequate nutrition, but corrections officials may not be held liable [as to claims of inadequate food] unless the inmate shows both an objective component (that the deprivation was sufficiently serious) and a subjective component (that the officials acted with a sufficiently culpable state of mind)." *Duran v. Merline*, 923 F. Supp.2d 702, 719-20 (D.N.J. 2013)

(citing *Stevenson*, 495 F.3d at 68 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) ("Unconstitutional punishment typically includes both objective and subjective components")).

31. Objectively, "[w]hether the deprivation of food falls below this [constitutional] threshold depends on the amount and duration of the deprivation." *Duran*, 923 F. Supp.2d at 720 (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "Under the Eighth Amendment, which provides a floor for the rights of pretrial detainees, *see Natale*, 318 F.3d at 581, inmates must be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger' to their health and well-being." *Duran*, 923 F. Supp.2d at 720 (citing *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (quoting *Ramons v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)); *Mora*, 2010 WL 2560680, at *8).

32. Plaintiff has not satisfied this objective requirement. "[I]solated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional." *Duran*, 923 F. Supp.2d at 720 ("Being served cold meals . . . is not 'punishment' under *Bell*. So long as the food is nutritionally adequate, the mere fact that it is unvaried or cold does not give rise to a constitutional violation . . .") (citing *Nickles v. Taylor*, Nos. 09-313, 09-557, 09-952, 2010 WL 1949447, at *5 (D.N.J. May 14, 2010) ("A single or occasional

incident involving spoiled food is insufficient to show that Plaintiff has been denied life's necessities").

33.   Here, Plaintiff's allegation that "food [at CCJ] had hair in it" (Complaint § III(C)) does not rise to the threshold of the objective component of the standard announced in *Stevenson.* Plaintiff does not allege that she or any other inmate became ill, malnourished, or otherwise suffered any injury from the purportedly tainted food or that a significant portion of Plaintiff's diet consisted of such food. Indeed, Plaintiff does not allege facts sufficient to plausibly show whether the challenged food condition occurred in all CCJ menu items or that such condition occurred frequently during the time of her confinement at CCJ. Complaint § III(C). Without any facts that are necessary to demonstrate substantial nutritional deprivation on a recurring basis, Plaintiff has not satisfied the objective prong of the constitutional analysis and so this Court cannot find that Plaintiff has stated a cognizable claim. Occasional incidents during incarceration involving substandard food are insufficient to show that Plaintiff has been denied life's necessities. Without facts such as the degree of continuity of the contested food occurrences, the particular physical injuries (if any) that the contested food posed to inmate health and well-being, or the injury (if any) Plaintiff actually sustained from such food (beyond more than temporary

discomfort or dislike), the Food Claim constitutionally falls
short.

34.   Additionally, Plaintiff's Complaint does not satisfy
the subjective component of the Fourteenth Amendment culpability
standard announced in *Stevenson.* As noted above, Plaintiff must
establish that CCJ officials acted with "deliberate
indifference" to her needs, meaning that they were subjectively
aware of the alleged conditions and failed to reasonably respond
to them. *Duran*, 923 F. Supp.2d at 721 (citing *Farmer*, 511 U.S.
at 829 and *Mora*, 2010 WL 2560680, at *9). The test for
deliberate indifference is "subjective recklessness" as that
concept is understood in criminal law. *Duran*, 923 F. Supp.2d at
721 (citing *Farmer*, 511 U.S. at 839-40). Plaintiff has not
offered any facts from which this Court can reasonably infer
deliberate indifference by anyone at CCJ with respect to food
quality or to the minimum requirements of providing a non-
harmful diet.

35.   Given that Plaintiff has failed to demonstrate facts
suggesting (a) that the food served to her at CCJ presented an
objectively serious risk of nutritional deficiency or other
physical harm (regardless of Plaintiff's dislike of the food she
was provided) and (b) that prison officials responsible for such
food knew of that risk and were deliberately indifferent to it,
the Complaint fails to state a claim for which relief may be

granted. Accordingly, Plaintiff's Food Claim shall be dismissed without prejudice, with leave to file an amended complaint addressing its deficiencies, within 30 days after the date this Opinion and Order are entered on the docket, if Plaintiff elects to pursue this claim of deliberate indifference to a serious nutritional deprivation.

### 2. <u>Water Claim: Dismissed Without Prejudice</u>

36. As to her second Jail Conditions Claim, Plaintiff complains that "water was cold" (such claim is hereinafter referred to as "Water Claim"). Complaint III(C).

37. "[T]here is no doubt that potable water constitutes a basic human need and that water that is suitable for drinking and bathing be supplied to inmates." *Wolfe v. Christie*, No. 10-2083, 2013 WL 3223625, at *5 (D.N.J. June 25, 2013) (internal citations omitted). However, as set forth above, Fed. R. Civ. P. 8 requires pleadings to contain, *inter alia*, "a short and plain statement of . . . the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(3). Even with *pro se* status, litigants must still allege facts, taken as true, to suggest the required elements of the claims asserted. *Erickson*, 551 U.S. at 94; *Haines*, 404 U.S. at 520; *McNeil*, 508 U.S. at 113; *Phillips*, 515 F.3d at 234-35.

38. Here, Plaintiff may have found "cold water" (Complaint § III(C)) unsettling, upsetting or uncomfortable, but the Court

cannot discern from Plaintiff's non-specific contention the type
of allegations Plaintiff intends to pursue against any
particular person as to this condition of confinement. For
example, the Complaint is silent as to: the purpose for which
Plaintiff intended to use the alleged "cold water" (*e.g.*,
bathing, drinking, body temperature modulating purposes, etc.);
the frequency with which the water temperature condition
occurred during Plaintiff's confinement; whether Plaintiff
complained of the alleged water condition to jail officials;
whether jail officials rendered hot or warm water unavailable
for punitive purposes; whether alternate sources of hot or warm
water were made available to Plaintiff (*e.g.*, public area
restrooms; sinks for personal hygiene cleansing; etc.) and, if
so, how frequently; whether Plaintiff was provided with fluids,
skin cleansers, or body wipes for hand and face washing before
meals; whether Plaintiff sustained any injury from the water
temperature situation; or whether hot or warm running water was
rendered unavailable by virtue of jail maintenance activities
(*see Passmore v. Ianello*, 528 F. App'x 144, 149 (3d Cir. 2013)
("[C]ourts will generally not interfere with prison
administrative matters"); *Jones v. N. Carolina Prisoners' Labor
Union, Inc.*, 433 U.S. 119, 126 (1977) (referring to "the wide-
ranging deference to be accorded the decisions of prison
administrators").

39.   Its Fed. R. Civ. P. 8 pleading deficiencies aside, the
"cold water" claim (Complaint § III(C)) does not satisfy either
of the two prongs of a Due Process claim for denial of the
minimal civilized measure of life's necessities, i.e.,: (a) the
"sufficiently serious" objective prong, under which the
conditions cited by a plaintiff must be objectively serious and
must result in the denial of the minimal civilized measure of
life's necessities when viewed within the context of
contemporary standards of decency (*Farmer*, 511 U.S. at 832); and
(b) the "sufficiently culpable state of mind" subjective prong,
under which a defendant must have demonstrated a deliberate
indifference to the well-being of a plaintiff. *Estelle*, 429 U.S.
at 106; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582
(3d Cir. 2003); *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at
36.

40.   First, Plaintiff has not provided facts required to
demonstrate that she suffered any objectively verifiable injury
from the "cold water" of which she complains. Even viewing the
Complaint in the light most favorable to Plaintiff, within the
context of prison life, she has not established that she was
denied "the minimal civilized measure of life's necessities."
*Farmer*, 511 U.S. at 834. Thus, Plaintiff has failed to satisfy
the objective standard of the Fourteenth Amendment test. For
example, even if proved, the mere fact that the water in a jail

18

cell was cold on isolated occasions during a discrete period of time, without more, is not sufficient to rise to the level of a constitutional violation. *See*, *e.g.*, *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (the Constitution "does not mandate comfortable prisons"); *Lopez v. Robinson*, 914 F.2d 486, 492 (4th Cir. 1990) ("The plaintiff inmates have not cited a single case discussing constitutional standards for hot showers. Though it is tempting to address this claim . . . for alleged inadequacy of hot water for showers . . . on the merits, it suffices to say that there is no clearly established, sufficiently contoured, right to hot showers in prison"); *Shrader v. White*, 761 F.2d 975, 984 (4th Cir. 1985) (finding cold water in cells, both alone as well as in combination with other conditions of confinement, to be constitutionally insignificant: "Although [plaintiffs] testified that the hot and cold shower controls frequently do not work well, neither that condition nor the momentary loss of cold water in the showers when a toilet is flushed are of constitutional significance"); *Stewart v. Wright*, No. 96-1486, 1996 WL 665978, at *1 (7th Cir. Nov. 14, 1996) ("[I]t is well settled that conditions which are temporary and do not result in physical harm are not [constitutionally] actionable"); *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982) ("[A] sentence in prison is not a guarantee that one will be safe from life's occasional inconveniences").

41.    Furthermore, Plaintiff has provided no requisite facts suggesting that any defendants were deliberately indifferent and motivated by ill will with respect to water temperature. Thus, Plaintiff also has failed to satisfy the subjective standard of the Fourteenth Amendment test. Plaintiff's temporary dissatisfaction cannot provide a basis for a constitutional claim and, therefore, her disappointment with "cold water" (Complaint § III(C)) does not suggest a deprivation of constitutional magnitude. *See*, *e.g.*, *Diaz v. Cumberland Cnty. Jail*, No. 10-3932, 2010 WL 3825704, at *4 (D.N.J. Sept. 23, 2010) (dismissing claims for lack of running water while incarcerated, and citing *Rivera v. Walker,* 2008 U.S. Dist. LEXIS 88787, at *14 (S.D. Ill. June 9, 2008)).

42.    Accordingly, Plaintiff's Water Claim will be dismissed without prejudice, with leave to amend the complaint, within 30 days after the date this Opinion and Order are entered on the docket, to meet its deficiencies as noted herein, if Plaintiff elects to pursue this claim of deliberate indifference to water temperature that, under the totality of circumstances, amounted to a serious deprivation.

43.    In sum, Plaintiff's Jail Conditions claims will be dismissed without prejudice, with leave to amend the complaint, within 30 days after the date this Opinion and Order are entered

on the docket, to meet the claims' deficiencies as noted herein, including: (a) sufficient factual detail for the Court to infer that Plaintiff was subjected to genuine privations and hardships over an extended period of time, that a particular defendant was deliberately indifferent to those substantial risks to Plaintiff's health and safety, and that such defendant's deliberate indifference caused Plaintiff harm; (b) names of the specific party(ies) whom Plaintiff claims are allegedly liable under each particular claim; and (c) the date(s) on which the relevant events occurred. *Mala*, 704 F.3d at 245; *Pliler*, 542 U.S. at 231. The amended complaint may not adopt or repeat any claims that have been dismissed with prejudice by the Court in this Opinion and its accompanying Order.

### D. Improper Strip Search Claim: Dismissed Without Prejudice

44.    Plaintiff complains that "was stripped search [*sic*] for a non-drug offense." Complaint § III(C).

45.    However, Plaintiff has not sufficiently alleged a constitutional violation for an improper strip search. Under the Fourth Amendment, inmates have a limited right of bodily privacy "subject to reasonable intrusions necessitated by the prison setting." *Parkell v. Danberg*, 833 F.3d 313, 325 (3d Cir. 2016). This right is very narrow, however. *Id.* at 326.

46.    "The test of reasonableness under the Fourth Amendment
. . . requires a balancing of the need for the particular search
against the invasion of personal rights that the search entails.
Courts must consider the scope of the particular intrusion, the
manner in which it is conducted, the justification for
initiating it, and the place in which it is conducted." *Bell*,
441 U.S. at 559. A prisoner search policy is constitutional if
it strikes a reasonable balance between the inmate's privacy and
the needs of the institution. *Parkell*, 833 F.3d at 326 (citing
*Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 132
S. Ct. 1510, 1515, 1517 (2012)).

47.    Plaintiff's cursory allegation that she "was stripped
search [*sic*] for a non-drug offense" (Complaint § III(C)) is
insufficient to state a claim for relief. In the absence of
further facts regarding the circumstances of the search, the
claim cannot proceed at this time. Plaintiff may amend this
claim in an amended complaint, however. To that end, the Court
shall grant Plaintiff leave to amend the Complaint within 30
days of the date of this order.

**E. <u>Harassment Claim: Dismissed Without Prejudice</u>**

48.    Plaintiff alleges that "guards yelled at me &
sometimes cursed at me for no reason." Complaint § III(C). The
Complaint does not identify the names of the guards, the

particular language of their verbal communications, or the dates when the supposed events occurred.

49.   Furthermore, allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner. *Brown v. Hamilton Twp. Police Dep't Mercer County, New Jersey*, 547 F. App'x 96, 97-98 (3d Cir. 2013). *Accord Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 35 (3d Cir. 2010); *Aleem-X v. Westcott*, 347 F. App'x 731, 732 (3d Cir. 2009); *Richardson v. Sherrer*, 344 F. App'x 755, 757 (3d Cir. 2009); *Patterson v. Bradford*, No. 10-5043, 2011 WL 1983357, at *5 (D.N.J. May 20, 2011) (citations omitted).

50.   Here, Plaintiff does not allege an accompanying violation of injury or damage that might allow the alleged verbal harassment to state a separate due process claim in violation of her Fourteenth Amendment rights.

51.   At most, Plaintiff alleges that she was offended by unnamed CCJ guards' unspecified remarks, but Plaintiff does not offer any facts that are necessary for the supposed verbal abuse to rise to the level of a violation of her Fourteenth Amendment rights. The allegation of "yell[ing]" in the Complaint is insufficient to support a claim that "guards" were verbally harassing Plaintiff as a form of punishment or to deprive Plaintiff of any of her constitutional rights.

52.   Consequently, because the alleged verbal harassment of Plaintiff was not accompanied by any injurious actions — or physical actions of any kind - of CCJ guards, Plaintiff fails to state a cognizable § 1983 claim for a violation of her Fourteenth Amendment due process rights. This claim will be dismissed without prejudice accordingly.

**V.   <u>CONCLUSION</u>**

For the reasons stated above, Plaintiff's Complaint is: (a) dismissed with prejudice as to the CCJ; and (b) otherwise dismissed without prejudice for failure to state a claim.

An appropriate order follows.


**February 7, 2018**          **  s/ Jerome B. Simandle  **
Date                                        JEROME B. SIMANDLE
                                            U.S. District Judge